**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FRANCINE GELMAN | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 16-cv-8101 |
| v. | ) | |
| | ) | |
| NORTHWEST COLLECTORS, INC. | ) | |
| | ) | |
| DEFENDANT. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Francine Gelman, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## PARTIES

3. Plaintiff, Francine Gelman ("Ms. Gelman" or "Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for an alleged debt to North Shore Pathology Consultants. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant, Northwest Collectors, Inc. ("Northwest Collectors"), is an Illinois corporation with a principal place of business at 3601 Algonquin Road, Rolling Meadows, Illinois 60008. Its registered agent can be found at 1420 Renaissance Drive, Suite 313, Park Ridge, Illinois 60068. (Exhibit A, Record from the Illinois Secretary of State).

5. Northwest Collectors is a debt collector who regularly uses the mails and telephone system in attempting to collect alleged debts from consumers on behalf of others.

6. Defendant Northwest Collectors holds a collection agency license from the state of Illinois. (Exhibit B, Record from Illinois Department of Financial and Professional Regulation).

7. Northwest Collectors acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.

## FACTUAL ALLEGATIONS

8. Defendant claims that Plaintiff incurred a debt for goods and services used for personal, family or household purposes, originally Northshore Pathology Consultants ("alleged debts"). The alleged debt is thus a "debt" as that term is defined in § 1692a(5) of the FDCPA.

9. Due to her increasingly dire financial circumstances, Plaintiff was unable to pay the alleged debt, and it went into default.

10. Northwest Collectors was subsequently retained or hired by Northshore Pathology Consultants to attempt to collect the alleged debt from Plaintiff.

11. Northwest Collectors began reporting the alleged debt on Plaintiff's credit reports, and regularly sent information regarding the debt to Experian, TransUnion and Equifax.

12. Northwest Collectors also regularly called Plaintiff using an automatic telephone dialer to call Plaintiff in an attempt to collect an alleged debt.

13. On June 16, 2016, Plaintiff, in response to Defendant's repeated collection attempts, requested her attorney to send a letter of representation to Defendant Northwest Collectors stating that she was being represented by counsel and that all communications from Defendant should be sent directly to counsel rather than to her.

14. On June 16, 2016, Plaintiff's counsel faxed a letter of representation stating that Ms. Gelman was represented and that Northwest Collectors should not contact her directly but rather contact Plaintiff's counsel's office if they wished to discuss the alleged debt. (Exhibit C, Representation Letter).

15. On or about June 16, 2016, Defendant Northwest Collectors knew that Plaintiff was represented by counsel and all communications regarding Plaintiff should be directed to her attorney's office rather than to her directly.

16. On or about June 22, 2016 at approximately 11:46 a.m., Ms. Gelman received an incoming call from Northwest Collectors on her home phone.

17. A voicemail was left on Ms. Gelman's phone by Northwest Collectors. In the voicemail, a prerecorded message from Northwest Collectors played stating that it was a communication from a debt collector attempting to collect a debt and asking to speak to Plaintiff in order to attempt to make payment arrangement.

18. The purpose of this call was to attempt to collect the alleged debt directly from Plaintiff, even though she was currently represented by counsel in regards to that alleged debt.

19. Thus, the call was a communication as that term is defined at §1692a(2) of the FDCPA since it was made to Plaintiff in an attempt to collect an alleged debt.

20. Defendant additionally called Plaintiff on multiple other occasions, including on June 22, 2016, June 28, 2016, July 8, 2016, and July 29, 2016.

21. 15 U.S.C. §1692c(a) of the FDCPA provides as follows:

> **Communication in Connection with Debt Collection**
>
> **(a) Communication with the consumer generally**
>
> **Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—**
>
> **. . . (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer. . . .**

22. Northwest Collectors knew that Plaintiff was represented by counsel—whose name, address, and telephone number it was also aware of—since her attorney had faxed it a letter stating her representation and providing information regarding the account, the attorneys contact information and a directive to contact the attorney's office if it had any questions regarding the identity of the account or wished to discuss the matter further.

23. In spite of that fact, Northwest Collectors called Plaintiff Gelman seeking to collect a debt on at least June 22, 2016, June 28, 2016, July 8, 2016, and July 29, 2016 in violation of 15 U.S.C. § 1692c(a)(2) of the FDCPA.

24. Plaintiff became alarmed when she heard about this as well, because she believed that Northwest Collectors would only contact her through her attorneys and she would not be contacted directly.

25. Plaintiff suffered annoyance, anxiety and emotional distress as a result of Defendant's unlawful debt collection activities.

26. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I- FAIR DEBT COLLECTION PRACTICES ACT**

27. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

28. Defendant Northwest Collectors violated 15 U.S.C. §1692c(a)(2) when it contacted Plaintiff directly in regards to the collection of the alleged debt, when it knew Plaintiff was represented by an attorney.

29. Plaintiff suffered actual damages, including but not limited to annoyance, anxiety and emotional distress as a result of Defendant's unlawful debt collection activities and repeated harassment.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in her favor and against Defendant as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

C. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

D. Such other and further relief as this Court deems proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

By: s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Paul Thompson
THE THOMPSON LAW FIRM, P.C.
180 W. Washington Street, Suite 400
Chicago, IL 60602
Phone: 312-300-4167
Fax: 312-340-5712
bryan@bryanthompsonlaw.com

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them.

These materials are likely very relevant to the litigation of this claim. If defendants are aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendants.

By: s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Paul Thompson
THE THOMPSON LAW FIRM, P.C.
180 W. Washington Street, Suite 400
Chicago, IL 60602
Phone: 312-300-4167
Fax: 312-340-5712
bryan@bryanthompsonlaw.com